IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DION E. BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-cv-02036 (EGS) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORTIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant District of Columbia ("the District"), by and through undersigned counsel, submits this Memorandum of Points and Authorities in support of its Motion to Dismiss.

**INTRODUCTION**

Plaintiff was an employee of the District's Department of Transportation ("DDOT"). In January 2012, DDOT proposed to discipline Plaintiff with an official reprimand for absence without leave, neglect of duty and insubordination. Compl. at ¶ 12. The crux of Plaintiff's complaint is that DDOT allegedly did not comply with the District of Columbia Government Comprehensive Merit Personnel Act of 1978 ("CMPA") and the regulations promulgated thereunder when taking disciplinary action against him. Compl. at ¶ 2 ("The Complaint challenges the administration of the CMPA by [DDOT]…."). In particular, Plaintiff alleges that DDOT took disciplinary action against him without an alternative dispute resolution procedure in place as required under the CMPA and that individual employees conspired to keep the deciding official from considering his written response to the proposed official reprimand. Compl. at ¶¶ 49-53. Based on these allegations, Plaintiff seeks to bring claims for violations of his right to

Due Process under the Fifth Amendment, violation of the District of Columbia Whistleblower Protection Act, and a common law defamation claim. Compl. at ¶¶ 45-62.

Plaintiff has failed to identify any federal claim arising under 42 U.S.C. §§ 1983, 1985, or 1986, and thus dismissal of those claims is appropriate. Plaintiff's defamation claim is barred by the CMPA and D.C. Official Code § 12-309. Finally, Plaintiff's whistleblower act claim is not properly pled and warrants dismissal.

## STATEMENT OF FACTS

This lawsuit arises from a minor disciplinary action taken against Plaintiff in 2012. Compl. at ¶ 12. Under the District of Columbia Government Comprehensive Merit Personnel Act of 1978 ("CMPA"), D.C. Official Code §§ 1-606.04 & 1-616.51, disciplinary actions against covered employees may only be taken for cause. D.C. Mun. Regs. tit. 6-B, § 1603.2. Any on-duty or employment related act or omission that interferes with the efficiency and integrity of government operations constitutes cause for disciplinary action. D.C. Mun. Regs. tit. 6-B, § 1603.3(f). Cause includes absence without official leave, neglect of duty, and insubordination. D.C. Mun. Regs. Tit. 6-B, § 1603.3(f).

There are two forms of disciplinary action: corrective action and adverse action. D.C. Mun. Regs. tit. 6-B, §§ 1604 & 1605. Corrective action is when the penalty is an official reprimand or a suspension of less than 10 days. D.C. Mun. Regs. tit. 6-B, § 1604. Adverse action is a suspension of 10 days or more, a reduction in grade, or a removal. D.C. Mun. Regs. tit. 6-B, § 1605. In the case of a corrective action, the agency must give the employee at least 10 days advance written notice of proposed action stating, *inter alia*, the cause for the action and the employee's right to prepare a written response within six days of receipt of the advance written notice. D.C. Mun. Regs. tit. 6-B, § 1608.2; D.C. Mun. Regs. tit. 6-B, § 1611 (setting forth the

general rules governing the employee's written response).  After considering the employee's written response, the deciding official will issue a final decision sustaining or reducing the proposed penalty or remanding or dismissing the corrective action.  D.C. Mun. Regs. tit. 6-B, § 1613.  The final decision in a corrective action will inform the employee of his right to contest it as a disciplinary grievance.  D.C. Mun. Regs. tit. 6-B, §§ 1604.2 & 1617.1.  The decision of the grievance official, if the corrective action is contested, constitutes the final administrative decision and is not subject to further administrative appeal.  D.C. Mun. Regs. tit. 6-B, § 1636.8.

In accordance with this disciplinary system, on January 10, 2012, DDOT served Plaintiff with advance notice of a proposed official reprimand for absence without leave, neglect of duty and insubordination.  Compl. at Ex. 1.  The notice informed Plaintiff of, *inter alia*, the proposed penalty (official reprimand), the cause for the corrective action (absence without official leave, neglect of duty, and insubordination) and his right to provide a written response within six days of receipt.  *Id.* at ¶ 13.  Plaintiff alleges that he provided the agency with a written response to the proposed official reprimand out-of-time on January 17, 2012.  *Id.* at ¶ 14 & Ex. 2.  Plaintiff further alleges that DDOT employees did not provide his written response to the deciding official.  *Id.* at ¶ 37.  On December 20, 2012, the deciding official issued a final decision finding cause for corrective action by a preponderance of the evidence and sustained the proposed penalty of an official reprimand.  *Id.* at Ex. 9.

On December 30, 2012, Plaintiff filed a grievance contesting the official reprimand and requested that the corrective action be dismissed.  *Id.* at Ex. 10.  Plaintiff emailed his grievance directly to the grievance official.  *Id.* at Ex. 11 (Email from Dion Black to Jose Thommana on December 30, 2012 at 6:50PM).  Plaintiff attached a copy of his written response to the proposed reprimand to his grievance.  *Id.*  Plaintiff alleges that he requested that DDOT resolve this matter

according to its alternative dispute resolution procedure, but that DDOT did not have such a procedure in place.  Compl. at ¶¶ 37 & 49-50.  On February 6, 2013, the grievance official denied Plaintiff's grievance.  Compl. at ¶ 38 & Ex. 11.  The grievance official stated he reviewed all of the materials Plaintiff submitted, including his written response to the proposed official reprimand, prior to making his final decision.  Compl. at Ex. 11 (Email from Jose Thommana to Dion Black on February 20, 2013 at 12:03PM).

Plaintiff filed the complaint initiating this action on December 20, 2013.  In his Complaint, Plaintiff avers that the District violated his due process rights in violation of 42 U.S.C. §§ 1983, 1985 and 1986, and submits that he suffered an adverse action because he was a whistleblower.  Finally, Plaintiff avers that that the District defamed him by disclosing adverse information about him to prospective employers.  The District now moves to dismiss all claims raised by Plaintiff.

## STANDARD OF REVIEW

A complaint must contain sufficient facts, accepted as true, to state a claim "that is plausible on its face."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  When considering a motion under Rule 12(b)(6), the Court must accept as true all of the factual allegations contained in the complaint, but not the legal conclusions.  *Ashcroft*, 556 U.S. at 678.  In addition, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.* at 679.  A claim is facially plausible when the factual content "allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 663.  While plausibility does not equate to the "probability requirement, [a plaintiff must show] more than a sheer possibility that a defendant acted unlawfully.  *Id.*  The complaint must include more than mere "labels and conclusions."  *Id.*

In construing the complaint liberally in the light most favorable to Plaintiff, the Court grants Plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the Court need not accept inferences drawn by Plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept Plaintiff's legal conclusions. *Id.* A complaint's "factual allegations must be enough to raise a right to relief above the speculative level…." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). "[D]ismissal under Rule 12(b)(6) is appropriate where the complaint fails to allege the elements of a legally viable claim." *King v. District of Columbia*, 878 F.Supp 8, 11 (D.D.C. 2012).

## ARGUMENT

### I. Plaintiff Has Failed To Plead A Viable Municipal Liability Claim Against The District Under 42 U.S.C. § 1983

Plaintiff seeks to proceed against the District for municipal liability under 42 U.S.C. § 1983. Section 1983 reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws....

42 U.S.C. § 1983. It is well-settled that to state a claim of municipal liability under § 1983, a plaintiff must plead facts sufficient to allege a predicate constitutional violation and facts to show that a custom or policy of the municipality caused the violation. *Baker v. District of Columbia,* 326 F.3d 1302, 1306 (D.C. Cir. 2003); *see also Ford v. Donovan*, 891 F.Supp.2d 60, 69 (D.D.C. 2012) ("A § 1983 complaint that alleges municipal liability must include some factual basis for the allegation of a municipal policy or custom." (quoting *Atchinson v. District of Columbia,* 73 F.3d 418, 424 (D.C. Cir. 1996)). A municipality can be held liable under § 1983 only if the

5

municipality "is itself responsible for an unconstitutional deprivation of rights." *Atchinson*, 73 F.3d at 424 (citing *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658 (1978)); *Baker*, 326 F.3d at 1306); *see also Warren v. District of Columbia,* 353 F.3d 36, at 39 (D.C. Cir. 2004) ("[M]unicipalities are liable for their agents' constitutional torts only if the agents acted pursuant to municipal policy or custom.").

Plaintiff's Complaint presents two theories of liability.  First, Plaintiff posits that the District violated his Fifth Amendment right to procedural due process because DDOT did not have an alternative dispute resolution procedure in place related to grievances.  *See* Compl. at ¶ 48.  However, contrary to Plaintiff's argument, "[g]iven the layers of administrative and judicial review it provides, the CMPA satisfies constitutional due process requirements."  *See Owens v. District of Columbia*, 923 F. Supp. 2d 241, 250 (D.D.C. 2013).

In *Mathews v. Eldridge*, the United States Supreme Court established three factors to determine if an administrative procedure satisfies due process requirements.  424 U.S. 319 (1976).  The factors are: (1) "the private interest that will be affected;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal or administrative burdens that the additional or substitute procedural requirement would entail."  *Id.* at 335.  "When considering the process granted by the CMPA under the test in *Mathews*, '[t]he CMPA procedures satisfy these requirements.'"  *Owens*, 923 F. Supp. 2d at 250 (quoting *McCormick v. District of Columbia*, 899 F. Supp. 2d 59, 68 (D.D.C.2012)).   Here, the CMPA provided Plaintiff with advance notice and an opportunity to be heard as well as administrative review of the corrective action.  That is all

the process that Plaintiff was due.  The fact that DDOT did not provide an *additional* alternative dispute resolution does not rise to the level of a constitutional deprivation.

Next, Plaintiff avers that the deciding official did not consider his written response to the proposed official reprimand.  Compl. at ¶¶ 45-62.  Even assuming that the deciding official did not consider Plaintiff's response, this fact alone is insufficient to state a plausible violation of procedural due process claim, particularly since the response to the proposed official reprimand was untimely.  *Compare* Compl. at ¶ 14 (alleging that Plaintiff submitted his response on January 17, 2014, *i.e.* seven days after receiving advance written notice of the proposed corrective action) *with* D.C. Mun. Regs. tit. 6-B, § 1608.2 (requiring a response within six days of receipt).  Plaintiff pled no facts demonstrating that a deciding official must consider an untimely response.

"A plaintiff asserting a violation of his Fifth Amendment right to procedural due process must establish: (1) that he was deprived of a protected interest in life, liberty, or property; and (2) that he did not receive the process that was due." *Payne v. District of Columbia*, 808 F. Supp. 2d 164, 174 (D.D.C. 2011) (citing *Zinermon v. Burch*, 494 U.S. 113 (1990); *UDC Chairs Chapter, Am. Ass'n of Univ. Professors v. Bd. of Trs. of the Univ. of the Dist. of Columbia*, 56 F.3d 1469, 1471 (D.C.Cir.1995)).  "In determining whether the process afforded was constitutionally adequate, courts examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation and any remedies for erroneous deprivations provided by statute or tort law." *Id.* (citing *Zinermon v. Burch*, 494 U.S. 113, 126 (1990)).  Under District of Columbia law, Plaintiff had the option of filing a disciplinary grievance to contest the official reprimand pursuant to the regulations promulgated under the CMPA.  *See* D.C. Mun. Regs. tit. 6-B, § 1617.  According to the allegations in the Complaint, Plaintiff pursued his right to contest the official reprimand before a grievance official.  Even if the deciding official did not consider

7

his written response to the proposed official reprimand, Plaintiff submitted that response as a part of his disciplinary grievance and the grievance official considered it before making his final decision.

Plaintiff does not aver that the disciplinary procedure was constitutionally deficient. Instead, Plaintiff, again without factual support, avers that DDOT employees did not provide a copy of his written response to the deciding official. Compl. at ¶¶ 53-56. However, "a breach of state procedural requirements is not, in and of itself, a violation of the Due Process Clause." *Payne*, 808 F. Supp. 2d at 174 (quoting *Atencio v. Bd. of Educ. of Penasco Indep. Sch. Dist. No. 4*, 658 F.2d 774, 779 (10th Cir. 1990)); *see also McDarby v. Dinkins*, 907 F.2d 1334, 1337 (2d Cir. 1990) ("A breach of procedural requirements does not create a due process violation unless an individual was 'denied a fair forum for protecting his state rights.'") (citation omitted). Moreover, Plaintiff admits that in addition to the notice and opportunity to be heard by the deciding official, he had the option of submitting a disciplinary grievance contesting the deciding official's action, which also provided him with administrative review. According to the allegations in the Complaint, Plaintiff took advantage of that opportunity and submitted a grievance along with a copy of his written response that the deciding official allegedly did not consider. The grievance official considered Plaintiff's response and arguments—thus curing the deciding official's alleged failure—but denied his grievance. The fact that the deciding official allegedly did not consider the response does not alone constitute a constitutional deprivation.

Even if such a failure did amount to a violation of procedural due process, Plaintiff's § 1983 claim must still fail because the complaint is devoid of any facts from which to infer municipal liability. At best, Plaintiff alleges that certain employees violated his Fifth

Amendment right, but it is well-established that a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Bd. of Cnty. Commis. of Bryan Cnty. V. Brown*, 520 U.S. 397, 403 (1997); *see Monell v. Dept. of Soc. Serv. of City Of New York*, 436 U.S. 658, 690 (1978) (finding that there is no *respondeat superior* liability, instead municipal liability is restricted to cases in which "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers."). Plaintiff's Complaint is devoid of any facts to show that the alleged violation of his constitutional rights was the result of a District custom, practice or policy, or that a final policymaker acted with deliberate indifference. *See generally*, Compl. Thus, Plaintiff has failed to plead sufficient facts to support a viable claim of municipal liability under § 1983 against the District and dismissal is appropriate.

## II. Plaintiff's Conspiracy Claims Under §§ 1985 And 1986 Are Barred By The Intracorporate Conspiracy Doctrine

Plaintiff's claims filed under both §§ 1985 and 1986 fail. Section 1985 prohibits a "[c]onspiracy to interfere with civil rights." The first subsection "makes it unlawful for 'two or more persons ... [to] conspire to prevent, by force, intimidation, or threat, any person ... from discharging any duties [of public office]; ... or to injure him in his person or property on account of his lawful discharge of the duties of his office.'" *Barr v. Clinton*, 370 F.3d 1196, 1200 (D.C. Cir. 2004) (quoting 42 U.S.C. § 1985(1)). The second subsection "prohibits conspiracies to interfere with judicial proceedings in federal court." *Graves v. United States*, 961 F.Supp. 314, 319 (D.D.C. 1997) (citing 42 U.S.C. § 1985(2)). Finally, the third subsection prohibits two or more persons from conspiring "to deprive any person of equal protection of the laws." *Id.* at 320 (citing 42 U.S.C. § 1985(3)). While Plaintiff does not specify under which subsection of § 1985 he brings suit, only subsection one is potentially applicable. *See generally*, Compl.

Furthermore, because Plaintiff cannot proceed against the District under § 1985, he also cannot proceed against the District pursuant to § 1986.  In fact, "[t]he language of [§ 1986] established unambiguously that a colorable claim under § 1985 is a prerequisite to stating an adequate claim… under § 1986." *See Burnett v. Sharma*, 511 F. Supp. 2d 136, 145 (D.D.C. 2007).

Here, Plaintiff alleges that DDOT employees conspired to deny him procedural due process by allegedly withholding his written response from the deciding official.  Compl. at ¶ 53.  The Complaint is devoid of any facts in furtherance of such conspiracy.  *Id.*  In fact, the Complaint contains nothing more than mere legal conclusions, which the Court is not required to accept, and are insufficient to withstand a motion to dismiss.  *Kowal v. MCI Commc'ns Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Moreover, the District, its employees, and officers constitute a single entity.  Under the intracorporate conspiracy doctrine, a corporation cannot conspire with itself, nor can the District conspire with itself.  *See Tabb v. District of Columbia*, 477 F. Supp. 2d 185, 190 (D.D.C. 2007) (collecting cases).  Because, during the events underlying the Complaint, the alleged conspirators were all DDOT employees, the intracorporate conspiracy doctrine bars Plaintiff's claims filed under §§1985 and 1986.  Thus, even taking all the factual allegations of the Complaint as true, Plaintiff failed to state colorable claims for relief under §§ 1985 or 1986.

### III.     Plaintiff's State Law Claims[1] Are Preempted By The CMPA

This Court lacks subject matter jurisdiction over Plaintiff's common law claim for defamation because it is preempted by the CMPA.  Compl. at ¶¶ 59-60.  In *Thompson II*, the District of Columbia Court of Appeals concluded, after reviewing the purpose and text of the CMPA including its judicial review provisions, that the Council of the District of Columbia

---

[1] Plaintiff also asserts that "[i]n denying [his] due process rights, Defendant committed a prohibited personnel action pursuant to D.C. Official Code § 32-507(a).  The cited statute is a part of the District of Columbia Family and Medical Leave Act of 1990 ("FMLA").  D.C. Official Code § 32-501, *et seq*.  Plaintiff's complaint is devoid of any facts to state a plausible claim for relief under the FMLA.  *See generally*, Compl.  Thus, to the extent that Plaintiff attempts to assert a FMLA claim, it must be dismissed.

10

"'plainly intended' to create a mechanism for addressing virtually every, conceivable personnel issue among the District, its employees, and their unions." *District of Columbia v. Thompson*, 593 A.2d 621, 634 (D.C. 1991). "The Council intended CMPA to provide District employees with their exclusive remedies for claims arising out of employer conduct in handling personnel ratings, employee grievances, and adverse actions." *Id.* at 635; *King v. Kidd*, 640 A.2d 656, 663 (D.C. 1993). As a result, the comprehensive administrative procedures for resolving grievances established by the CMPA provide the exclusive remedy for personnel disputes involving employees. *See Grillo v. District of Columbia*, 731 A.2d 384, 386-87 (D.C. 1999).

Here, Plaintiff seeks to hold the District liable for defamation arising from the District's alleged publication of his official reprimand. Compl. at ¶¶ 59-60. "[T]he CMPA and the grievance procedures established under it, such as those set forth in the regulations, provide the 'exclusive remedy for a District of Columbia public employee who has a work-related complaint *of any kind*." *Lattisaw*, 905 A.2d at 793 (quoting *Robinson v. District of Columbia*, 748 A.2d 409, 411 (D.C. 2000) (citation omitted; emphasis added)). "[Courts have repeatedly found defamation to be a claim that lands squarely within the CMPA's jurisdiction." *Owens*, 923 F. Supp. 2d at 251 (holding that where the plaintiff's defamation claim arose directly from her employment, it must be remedied under the CMPA). Thus, the Court lacks subject matter jurisdiction over Plaintiff's defamation claim and dismissal is appropriate.

    **V.**    **Plaintiff's Defamation Claim Is Barred by D.C. Official Code § 12-309.**

In order to proceed against the District for tort claims, a claimant must comply with the notice requirements of D.C. Code § 12-309 (2001), which provides that

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given

11

>notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

D.C. Code § 12-309 (2001).  Compliance with the Section 12-309 notice requirement is a question of law.  *Clark v. Flach*, 604 F.Supp.2d 1, 7 (D.D.C. 2009) (citing *Doe by Fein v. District of Columbia*, 687 A.2d 23, 24 (D.C. 1997).  *Cf. District of Columbia v. Ross*, 697 A.2d 14, 17 (D.C. 1997).  Moreover, Section 12-309 is a mandatory prerequisite to filing a tort claim against the District and must be narrowly construed against claimants because it is in derogation of the common law principle of sovereign immunity.  *Mpoy v. Fenty*, 870 F.Supp.2d 173, 180 (D.D.C. 2012) (citing *District of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (D.C. 1995)); *Gross v. District of Columbia*, 734 A.2d 1077, 1081 (D.C. 1999).  The purpose of Section 12-309 is "to allow the District to conduct a prompt investigation of the injured person's claim…."  *Clark*, 604 F.Supp.2d at 9 n.12 (citing *Doe*, 697 A.2d at 27) (emphasis omitted);  *see also Brown v. District of Columbia*, 853 A.2d 733, 737 (D.C. 2004) (quoting *Hardy v. District of Columbia*, 616 A.2d 338, 340 (D.C. 1992)) (additional purposes are "(1) to allow the District to investigate potential claims so that evidence may be gathered while still available…, (2) to enable the District to correct defective conditions, thus increasing public safety, and (3) to facilitate settlement of meritorious claims and resistance of frivolous ones.").

Here, Plaintiff did not provide the District with notice in writing concerning "the approximate time, place, cause, and circumstances" of the alleged injuries for defamation.  *See* Declaration of Tamonica Heard, attached hereto as Exhibit 1.  Consequently, Plaintiff's tort claims for unliquidated damages against the District are barred because he failed to provide any notice of his alleged injuries to the Mayor within six months, as required by statute.

VI.     **Plaintiff Has Failed To Properly Pled A Viable Whistleblower Act Claim.**

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain:

(1)     a short and plain statement of the grounds for the court's jurisdiction…

(2)     a short and plain statement of the claim showing that he pleader is entitled to relief; and

(3)     a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8.

Here, Plaintiff seeks to proceed against the District under a claim for whistleblower activity, but fails to describe the whistleblowing activity in which he alleged participated.  *See* Compl. at ¶ 62.  In fact, other than conclusory statements, the Complaint is simply devoid of any facts to demonstrate Plaintiff's participation in whistleblower activity.  While the Court must view the evidence in the light most favorable to the non-moving party, in this instance Plaintiff, the Court must not accept legal arguments or conclusory allegations in lieu of facts showing entitlement to the relief sought.  The District is entitled to notice and an opportunity to respond.  The four-corners of the Complaint simply does not provide the District with the notice it needs to effectively defend itself.  Therefore, dismissal of this claim is appropriate.

VII.    **Punitive Damages Cannot Be Obtained In An Action Against The District**

Plaintiff seeks punitive damages against the District, but the law is clear that punitive damages may not be awarded against the District.  *See Finkelstein v. District of Columbia*, 593 A.2d 591, 599 (D.C. 1991) (punitive damages may not be awarded against the District of Columbia) (citing *Smith v. District of Columbia*, 336 A.2d 831, 832 (D.C. 1975); *see also Ramos*

*v. District of Columbia Dep't of Consumer and Regulatory Affairs*, 601 A.2d 1069, 1074 n. 9 (D.C. 1992).  The U.S. Supreme Court, the Court of Appeals for the D.C. Circuit and the U.S. District Court for the District of Columbia have all determined that, absent an express statutory mandate, punitive damages are not recoverable against municipalities such as the District.  *See City of Newport v. Fact Concerts*, 453 U.S. 247, 260 n. 21; *Smith v. District of Columbia*, 336 A.2d 831, 832 (D.C. 1975); *Teart v. Washington Metropolitan Area Transit Authority*, 686 F. Supp. 12 (D.D.C. 1988); *see also Excavation Construction, Inc. v. Washington Metropolitan Area Transit Authority*, 624 F. Supp. 582, 588 (D.D.C. 1984) (D.C. law does not authorize award of punitive damages against a governmental entity in absence of statute).

In 1975, the D.C. Court of Appeals observed that there was no statute expressly authorizing an award of punitive damages against the District.  *Smith*, 336 A.2d at 832. In fact, the D.C. Council has passed legislation that protects the District from punitive damages awards, even where the tortious conduct may be outrageous and harmful.  *See, e.g.*, D.C. Official Code § 2-423 (2001) (holding punitive damages may not be awarded for unjust criminal imprisonment).  Accordingly, plaintiffs' punitive damages claim against the District must be dismissed as a matter of law.  Similarly, with respect to plaintiffs' claims brought pursuant to Section 1983, "punitive damages cannot be obtained in a Section 1983 action against a municipality." *Caldwell v. Hammonds*, 53 F. Supp. 2D 1, 12 (D.D.C. 1999) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981)).  Hence, Plaintiff's claim for punitive damages from the District must be dismissed.

## **CONCLUSION**

WHEREFORE, the District respectfully requests that the Court grant its motion.

>Respectfully submitted,
>
>IRVIN B. NATHAN
>Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General,
>Civil Litigation Division
>
>*/s/ Patricia A. Oxendine*_____
>PATRICIA A. OXENDINE
>D.C. Bar No. 428132
>Chief, General Litigation Sec. IV
>
>*/s/ Shermineh C. Jones*_____
>SHERMINEH C. JONES
>D.C. Bar No. 499900
>Assistant Attorney General
>Office of the Attorney General
>441 Fourth Street, N.W., Suite 630 South
>Washington, D.C. 20001
>(202) 724-6648; (202) 727-6295 Telephone
>(202) 715-7724 Facsimile
>shermineh.jones@dc.gov