**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                )
DION E. BLACK,                  )
                                )
            Plaintiff,          )
                                )
      v.                        ) Civ. Action No. 13-02036 (EGS)
                                )
DISTRCIT OF COLUMBIA,           )
                                )
            Defendant.          )
_____ )


**MEMORANDUM OPINION**

**I.   Introduction**

     Plaintiff Dion Black ("Mr. Black") filed this lawsuit after

being reassigned by Defendant, the District of Columbia ("the

District"), to a new position within the District's Department

of Transportation ("DDOT"). Mr. Black alleges four claims: (1)

violation of his due process rights; (2) conspiracy among

District employees to deprive him of his due process rights; (3)

whistleblower protection; and (4) defamation.[1]  Am. Compl.,

_____

[1] Mr. Black concedes that his defamation claim fails because he
did not comply with D.C. Code § 12-309 prior to filing this
lawsuit. Pl.'s Mem. Opp. Def.'s Mot. Dismiss ("Pl.'s Mem.
Opp."), Docket No. 15 at 20. *See, e.g. Clark v. Flach*, 604 F.
Supp. 2d 1, 7 (D.D.C. 2009) (holding that the purpose of § 12-
309 is to "allow the District to conduct a prompt investigation
of the injured person's claim.").

Docket No. 11 at 11-17. Upon consideration of the motion, the response and reply thereto, the applicable law, and the entire record, the District's Motion to Dismiss is **GRANTED**.

## II. Background

### A. Mr. Black's official reprimand procedure and reassignment

Mr. Black worked in the Office of the General Counsel at the DDOT. Am. Compl. ¶ 25. On January 10, 2012, Assistant Attorney General for DDOT Melissa Williams ("Ms. Williams") informed Mr. Black that she was proposing an official reprimand be issued for his absence without approved leave, neglect of duty, and insubordination. *Id.* ¶¶ 13-14. Mr. Black, in accordance with DDOT procedures and D.C. Code § 1-616.51 (2013), was afforded an opportunity to provide a written response to the proposed discipline action. *Id.* ¶ 17. Mr. Black filed a written response on January 17, 2012 with Steve Messam ("Mr. Messam"), the Deputy Chief of the DDOT's Administrative Services Branch. Mr. Messam acknowledged receipt of Mr. Black's response by signing the envelope within which the written response was enclosed. *Id.* ¶ 22.

Mr. Black's case was assigned to Ronaldo Nicholson ("Mr. Nicholson"), a deciding official who did not have a working relationship with Ms. Williams or Mr. Black. *Id.* ¶ 32. In May 2012, Mr. Black was reassigned to a position in the

Transportation Policy and Planning Administration ("TPPA") within DDOT. *Id.* ¶ 25; Ex. 6.

In November 2012, Mr. Black requested a copy of DDOT's grievance alternative dispute procedures. *Id.* Mr. Messam directed Mr. Black to the District Personnel Manual Chapter 16. *Id.* ¶¶ 30–31. Mr. Black responded that "in accordance with DPM § 1633.1, each agency Director must approve an agency policy for alternative dispute resolution and that this approved process must be reasonably made known to employees upon request." *Id.* ¶ 30.

On December 7, 2012, Ms. Williams allegedly instructed one of her subordinates to finalize the disciplinary action letter for Mr. Nicholson's signature. *Id.* ¶ 33. In December 2012, Mr. Black contacted Mr. Nicholson directly to ensure he had Mr. Black's response. *Id.* ¶ 33. Mr. Black then e-mail Mr. Messam to ensure his response was being considered. *Id.*, Ex. 8. Mr. Messam assured Mr. Black that the Mr. Nicholson was following the fair and impartial procedures set forth by DPM 1613 and that Mr. Black's response had been submitted to Mr. Nicholson. *Id.* Mr. Messam added "your attempt at *ex parte* communication with Mr. Nicholson essentially impedes [the fair and impartial] process." *Id.* Still, Mr. Messam invited Mr. Black to resubmit his response in a sealed package to Human Resources staff. *Id.*

3

On December 21, 2012, Mr. Messam met with Mr. Black and
gave him the final decision letter signed by Mr. Nicholson. *Id.*
¶ 45. The letter stated that Mr. Nicholson reviewed the proposed
reprimand, Mr. Black's written response, and other
documentation. *Id.* ¶ 46; *see also* Ex. 9. Mr. Black asked for a
copy of his response from Mr. Messam's file. *Id.* ¶ 47. Mr.
Messam indicated Mr. Black's response was in Ms. Williams's
possession. *Id.*

### B. Mr. Black's appeal of the final reprimand decision

After Mr. Black's reprimand was issued, he submitted a
grievance of the discipline action to Jose Thommana ("Mr.
Thommana"), the assigned grievance official. *Id.* ¶¶ 49-50. Mr.
Black argued that the reprimand process violated his due process
rights, in particular because Ms. Williams and Mr. Messam did
not provide Mr. Black's response to the proposed disciplinary
action to Mr. Nicholson. *Id.* at ¶ 51. Mr. Black also requested
that Mr. Thommana implement the alternative dispute resolution
procedure "as required pursuant to District Personnel Manual §
1633.1(d)." *Id.*

Mr. Thommana upheld the official reprimand, noting that the
DDOT discipline process complied fully with applicable
regulations, as Mr. Black was given the opportunity to respond
to the proposed reprimand. *Id.* ¶ 52; Ex. 11. He also concluded
that the alternative dispute resolution mechanism would not be

4

applied, stating, "I have attempted to resolve your grievance through the process of formal submission and response, which constitutes a formal dispute resolution procedure." *Id.*[2]

### C. Mr. Black's whistleblowing complaint

While the proposed discipline against Mr. Black was pending, Mr. Black filed a complaint with the D.C. Attorney General detailing "gross mismanagement, personnel rules violations, and retaliatory practices" and identified Ms. Williams and DDOT General Counsel Frank Seales ("Mr. Seales") as the parties responsible for this mismanagement. *Id.* at ¶ 26. On November 1, 2012, Mr. Black received a response from Kim McDaniel ("Ms. McDaniel"), the Director of Equal Employment Opportunity for the D.C. Office of the Attorney General, to discuss his allegations. *Id.* ¶ 27. Ms. McDaniel also forwarded a copy of the complaint to Ms. Williams and Mr. Seales, to which Ms. Williams responded by attaching a copy of Mr. Black's proposed discipline action. *Id.* ¶¶ 28-29.

---

[2] On February 12, 2013, Mr. Black filed a FOIA request for the "production of documents related to the official reprimand action," which he followed with a civil action in D.C. Superior Court to compel the District to produce the documents. *Id.* ¶¶ 53-54. Mr. Black alleges that "Defendant admitted . . . that [it] does not have an alternative dispute resolution procedure for grievances" and that "none of the employees were able to locate not [sic] did they possess a copy of Plaintiff's response to the proposed reprimand in December of 2012 . . . ." *Id.* ¶ 56.

**E. The Comprehensive Merit Protection Act**

The purpose of the Comprehensive Merit Protection Act
(CMPA) is to ensure that the District has "a modern flexible
system of public personnel administration, which shall . . .
[e]stablish impartial and comprehensive administrative or
negotiated procedures for resolving employee grievances.
*Washington v. District of Columbia*, 538 F. Supp. 2d 269, 275
(D.D.C. 2008) (quoting D.C. Code §§ 1-601.2(a)(5)); *see also
Robinson v. Dist. of Columbia*, 748 A.2d 409, 411 (D.C. 2000)
(holding that "with few exceptions, the CMPA is the exclusive
remedy for a District of Columbia public employee who has a
work-related complaint of any kind."). "It is undisputed that
the [CMPA] creates a property interest for employees governed by
it." *McManus v. District of Columbia*, 530 F. Supp. 2d 46, 72
(D.D.C. 2007) (quoting *Fonville v. District of Columbia*, 448 F.
Supp. 2d 21, 26 (D.D.C. 2006)).

**III. Standard of Review**

To survive a motion to dismiss, a complaint "must contain
sufficient factual matter accepted as true, to state a claim to
relief that is plausible on its face. A claim has facial
plausibility when the plaintiff pleads factual content that
allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted).

In considering a 12(b)(6) motion, the Court should liberally view the complaint in the plaintiff's favor, accepting all factual allegations as true, and giving the plaintiff the benefit of all inferences that can be drawn therefrom. *Redding v. Edwards*, 569 F. Supp. 2d 129, 131 (D.D.C. 2008) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "While detailed factual allegations are not necessary, [the] plaintiff must plead enough facts to 'raise a right to relief above the speculative level.'" *Morello v. D.C.*, No. 14-82(EGS), 2014 WL 5786283, at *1 (D.D.C. Nov. 7, 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court "may consider attachments to the complaint as well as the allegations contained in the complaint itself." *English v. D.C.*, 717 F.3d 968, 971 (D.C. Cir. 2013).

Mr. Black is a *pro se* litigant. The Court is mindful that pro se complaints, however inartfully pleaded, must be held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and quotations omitted).

## IV. Analysis

### A. Mr. Black's Claim under 42 U.S.C. § 1983 fails

The District asserts that Mr. Black's 42 U.S.C. § 1983 claim fails as a matter of law because Mr. Black's allegations do not support a finding that his due process rights were violated. Def.'s Mem. Supp. Def.'s Mot. Dismiss, Docket No. 13, Ex. 1 at 7, 11. Mr. Black maintains that his due process rights were violated as a direct result of the District's customs and practices. Pl.'s Mem. Opp. at 12.

Title 42 U.S.C. § 1983 provides a private cause of action against any person who, under the color of state law, deprives another of a constitutional or statutory right. 42 U.S.C.A. § 1983 (1996). Municipalities, including the District, are considered "persons" under § 1983. *Monell v. N.Y.C. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978). Although *respondeat superior* liability is not applicable under § 1983, a municipality may be liable for an employee's constitutional violations if that employee acted "pursuant to municipal policy or custom." *Id.* at 694. Thus, in order to state a § 1983 claim, Mr. Black must sufficiently allege that his constitutional right to due process was violated pursuant to a policy or custom of the District.

The Due Process Clause guarantees that no person "shall ... be deprived of life, liberty, or property, without due process

8

of law." U.S. Const. amend. V. Substantive due process claims must be supported by allegations that show government action "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n. 8 (1998). On the other hand, procedural due process "imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests . . . ." *McManus*, 530 F. Supp. 2d at 72. The Government must provide "sufficient notice and a meaningful opportunity to be heard on the deprivation of a protected liberty or property interest." *Rason v. Nicholson*, 562 F. Supp. 2d 153, 155 (D.D.C. 2008) (citing *United States v. E-Gold, Ltd.*, 521 F.3d 411, 415 (D.C. Cir. 2008)).

A government employee's due process rights may be violated when an "adverse job action" is combined with "official defamation" or other stigma that prevents the employee from securing employment elsewhere. *Hutchinson v. CIA*, 393 F.3d 226, 230-31 (D.C. Cir. 2005) (quoting *O'Donnell v. Barry*, 148 F.3d 1126, 1140 (D.C. Cir. 1998)). However, claims of reputational damage may only give rise to a due process violation where the employee is terminated or suffers a demotion in rank or pay. *O'Donnell*, 148 F.3d at 1140.

In this case, Mr. Black alleges that he suffered "injury to his professional reputation" as a result of "Defendant's

practice of denying employees an impartial review of discipline actions and Plaintiff's independent acts of retaliation." *See* Am. Compl. at ¶ 83. Mr. Black does not allege that his reassignment constitutes a demotion in rank or salary. Absent any allegation of demotion, Mr. Black's claim of pure reputational damage fails as a matter of law because such claims are not protected by the due process clause. *Coleman v. Napolitano*, 65 F. Supp. 3d 99, 107 (D.D.C. 2014) ("[C]ourts have routinely rejected claims that a mere reassignment or change of duties, without a corresponding reduction in rank or pay, amounts to a divestment of a property interest.") (citations omitted); *see also New Vision Photography Program, Inc. v. District of Columbia,* 54 F. Supp. 3d 12, 31 (D.D.C. 2014) (holding that "purely reputational damage does not qualify for due-process protection.").[3]

Beyond alleged reputational damage, the gravamen of Mr. Black's complaint is that his procedural due process rights were violated by the manner in which the District handled his

---

[3] To the extent Mr. Black argues he was entitled to a name-clearing hearing, his claim fails because he has not alleged that he lost government employment, nor has he otherwise pled facts to support the conclusion that his professional reputation was harmed. "Government deprives an employee of a protected liberty interest where it "stigmatiz[es] his good name" in conjunction with "an accompanying loss of government employment." *Mosrie v. Barry,* 718 F.2d 1151, 1160 (D.C. Cir. 1983) (quoting *Paul v. Davis,* 424 U.S. 693, 706 (1976)).

official reprimand and post-discipline grievance processes. Mr.
Black alleges that the District did not provide access to all
remedies under the CMPA. Specifically, Mr. Black argues that he
has "presented facts to support that he was denied access to the
alternative dispute mechanism that is required by law to be part
of the post-disciplinary grievance procedure." Am. Comp. ¶¶ 51-
52; Pl.'s Opp. Mem. at 15. Mr. Black also alleges that his post-
discipline grievance hearing was "patently inadequate as it
failed to provide an impartial review." Pl.'s Opp. Mem. at 16.

"Due process may be satisfied by either pre-deprivation
procedures or 'adequate post-deprivation remedies.'" *Rason*, 562
F. Supp. 2d at 155 (quoting *Dickson v. Mattera*, 38 Fed. Appx. 21
(D.C. Cir. 2002)). The Supreme Court has enumerated three
factors to consider when determining whether an administrative
procedure is constitutionally sufficient:

> (1) the private interest that will be affected by the
> official action; (2) the risk of an erroneous
> deprivation of such interest through the procedures
> used, and probable value, if any, of additional
> procedural safeguards; and (3) the Government's
> interest, including the fiscal and administrative
> burdens that the additional or substitute procedures
> would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 321 (1976). Courts have
repeatedly found that "[g]iven the layers of administrative and
judicial review it provides, the CMPA satisfies constitutional

due process requirements" under the *Mathews* test. *See e.g. Owens v. D.C.*, 923 F. Supp. 2d 241, 250 (D.D.C. 2013).

Mr. Black's argument that he was entitled, as a matter of law, to an alternative dispute procedure, is incorrect. The portion of the D.C. personnel regulations cited by Mr. Black states that a grievance official "shall attempt to resolve a grievance through the mediation or non-binding alternative dispute resolution, **or any other similar procedure**." District Personnel Manual, 1636.4 (2012) (emphasis added). Mr. Black submitted a response to the proposed disciplinary action and was afforded the opportunity to appeal the final reprimand. As stated by the grievance official, Mr. Thommana, "I have attempted to resolve your grievance through the process of formal submission and response, which constitutes a formal dispute resolution procedure." *Id.* Ex. 11. Mr. Black does not articulate how the process he participated in was insufficiently similar to a mediation or any other alternative dispute resolution procedure.

Moreover, even if denial of an alternative dispute process could be deemed a violation of a requirement under the District's personnel manual, "[a] breach of procedural requirements does not create a due process violation unless an individual was denied a fair forum for protecting his state rights." *McDarby v. Dinkins*, 907 F.2d 1334, 1337 (2d Cir. 1990);

*see also Payne v. D.C.*, 808 F. Supp. 2d 164, 174 (D.D.C. 2011) ("breach of state procedural requirements is not, in and of itself, a violation of the Due Process Clause.").

Finally, Mr. Black's argument that he did not receive a fair and impartial hearing also fails. Mr. Black argues that "Mr. Thommana's conclusions in the grievance included the absolutely false statements that the District's discipline process was in full compliance with the regulations." Pl.'s Mem. Opp. at 17. The merits of this argument fail for the reasons discussed above: a plain-language reading of the regulations only requires a process **similar to** mediation or another alternative dispute resolution procedure be made available. To the extent Mr. Black argues his written response was not considered, the Court agrees with the District that this argument is "pure conjecture unsupported by any factual allegations in the complaint or exhibits attached thereto." Pl.'s Mem. Supp. at 9. Furthermore, Mr. Black was able to specifically raise this issue on appeal with Mr. Thommana. Am. Compl. ¶ 38. Similarly, the extent to which Mr. Black argues that the District's use of some template language in its grievance correspondence rises to the level of a due process violation, this argument also fails. Mr. Black cites no authority for this proposition and the Court is aware of none.

For all of these reasons, Mr. Black has not sufficiently alleged that his due process rights were violated.

Because Mr. Black has not sufficiently alleged that his due process rights were infringed, the Court need not address the second prong of the § 1983 analysis, namely, whether the District has a policy or custom of denying due process rights during disciplinary proceedings. *See, e.g. Monell*, 436 U.S. at 694. For the same reason, the Court need not analyze Mr. Black's conspiracy claim, as it fails absent sufficient facts establishing the probable violation of Mr. Black's due process rights.

### B. Mr. Black's Whistleblower Claim fails

Mr. Black also pleads a claim of retaliation under the Whistleblower Protection Act. Am. Compl. at ¶ 26. In August 2012, eight months after the January 2012 disciplinary proceedings were initiated, Mr. Black submitted a complaint to the D.C. Attorney General detailing allegations of "gross mismanagement, personnel rules violations, and retaliatory practices." *Id.*

The Whistleblower Protection Act endeavors to "[e]nsure that rights of employees to expose corruption, dishonesty, incompetence, or administrative failure are protected." D.C. Code § 1-615.51(5). "To make out a *prima facie* claim of retaliation under the Whistleblower Act, the plaintiff must show

14

by a preponderance of the evidence that (i) []he made a
statutorily protected disclosure, and (ii) the disclosure was a
'contributing factor' behind (iii) an adverse personnel action
taken by h[is] employer." *Coleman v. D.C.*, 794 F.3d 49, 54 (D.C.
Cir. 2015).

In this case, Mr. Black's whistleblower claim fails because
he cannot show that his disclosure of alleged mismanagement was
a contributing factor motivating the adverse personnel action
taken against him. Simply put, a causal connection between the
Mr. Black's DDOT disciplinary proceedings and his whistleblowing
complaint is temporally impossible because Mr. Black did not
make a formal whistleblowing complaint until months after his
DDOT disciplinary proceedings started. Thus, Mr. Black has
failed to state a plausible retaliation claim under the
Whistleblower Protection Act.[4]

---

[4] Mr. Black's argument that the District conceded his claim for
declaratory relief by not expressly stating that it should be
dismissed fails. Pl.'s Mem. Opp. at 10. "Essentially there are
two types of relief prayed for in Plaintiff's complaint,
compensatory relief related to harm suffered by Plaintiff's
violation of due process rights and declaratory relief in which
Plaintiff asked this Court to declare that Defendant violated
Plaintiff's due process rights." *Id.* Having concluded that Mr.
Black has failed to state a viable claim against the District,
he is not entitled to a declaration that the District violated
his due process rights.

## V.   Conclusion

For the foregoing reasons, the District's Motion to Dismiss is **GRANTED**. An appropriate Order accompanies this Memorandum Opinion.


**Signed:**    **Emmet G. Sullivan**
               **United States District Judge**
               **September 29, 2015**